IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID FEAGAN, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| DORSETT TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff David Feagan ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to the Age Discrimination in Employment Act ("ADEA") against Dorsett Technologies, Inc., and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Axis Research, Inc., 900 Old Roswell Lakes Pkwy., Suite 310, Roswell, Georgia 30076.

## FACTUAL ALLEGATIONS

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

Plaintiff requested the right to sue on her charge from the EEOC. The EEOC issued a "Notice of Right to Sue" on July 1, 2022, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

9.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADEA.

10.

Plaintiff began his employment with Defendant, on or about June 1, 2016, as a site manager.

11.

Plaintiff was employed by Defendant, until on or about December 27, 2021.

12.

As of the date of Plaintiff's termination, he was 69 years old.

13.

In or about August 2021, Defendant's Human Resources Manager, Carri Bynum, stated to Plaintiff and a number of other workers that we needed to be thinking of an exit strategy and who would replace us when we moved on given that they were what she called an aging workforce.

14.

Contemporaneous to Ms. Bynum's statements regarding Plaintiff' age and need to find a replacement for when he moved on, Plaintiff received an unexpected negative performance review.

15.

In or about November 2021, Chad Borseth ("Borseth"), an employee that was and is in his 40's that had reported to Plaintiff, was named senior project manager.

16.

In or about December 2021, Borseth informed Plaintiff that he had been told once he learned the job, and sometime after the first of the year, Plaintiff was going to be terminated and Borseth would be taking over Plaintiff's position.

17.

Later that month, on or about December 27, 2021, Plaintiff was terminated and Borseth was moved into Plaintiff's office.

18.

Any reason given for terminating Plaintiff's employment is pretext for unlawful age discrimination.

19.

As a result of Defendant's unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary losses, including lost wages, for which he is entitled to recover from Defendant.

**CLAIM FOR RELIEF**

**VIOLATION OF THE AGE DISRCIMINATION IN EMPLOYMENT ACT**

20.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

21.

The ADEA prohibits employment discrimination on the basis of age.

22.

At all times relevant, Plaintiff was a member of a protected class, i.e. he was over 40 years old.

23.

Plaintiff was qualified to perform the position at issue.

24.

Plaintiff was terminated because of his protected characteristic, i.e. because of his age.

25.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff, on the basis of age, in violation of the ADEA.

26.

Plaintiff was replaced in his position by someone younger than Plaintiff, particularly Chad Borseth.

27.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

28.

As a result of Defendant's unlawful actions, Plaintiff has suffered, among other things, lost wages. Plaintiff is also entitled to liquidated damages on his lost wages and other damages.

29.

Plaintiff's age was the determinative factor in Defendant's decision to terminate Plaintiff's employment.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages and/or liquidated damages, back-pay, lost benefits and prejudgment interest thereon;

(b) All equitable relief available, such as reinstatement or front-pay in lieu thereof,

(c) All relief available under the ADEA;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues so triable;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) All other relief to which he may be entitled.

This 17th day of August 2022.

7

**BARRETT & FARAHANY**

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com